IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KENNETH R. COOPER,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 12-CV-258-FHM

**OPINION AND ORDER**

Plaintiff, Kenneth R. Cooper, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's December 22, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held March 4, 2011. By decision dated March 23, 2011, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 9, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 47 on the date of the ALJ's denial decision. He has a high school diploma and formerly worked as radial press operator and mechanic. He claims to have been unable to work since October 27, 2007 as a result of tremors in his right arm.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). Although Plaintiff is unable to perform his past relevant work, considering Plaintiff's age, education work experience, and RFC, the ALJ applied the Medical-Vocational Guidelines (grids) set out in 20 CFR Part 404, Subpart P, Appendix 2 and determined that those rules direct a finding of not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed in his duty to properly develop the record. He also argues that the RFC is not supported by substantial evidence and that the ALJ committed legal error by conclusively applying the grids when substantial evidence in the record demonstrates Plaintiff has non-exertional limitations.

**Analysis**

Development of the Record

The medical record establishes that Plaintiff suffers an intermittent tremor in his right arm of an undetermined cause. At the hearing, Plaintiff's attorney asked the ALJ to consider sending Plaintiff to a neurologist or a neuropsychologist. On appeal Plaintiff argues that the ALJ failed in his duty to develop the record because he did not obtain the additional examination requested at the hearing. According to Plaintiff, since it was suggested by one of his doctors that his tremor was psychologically based, the ALJ could not accurately develop an RFC without at least obtaining a psychological evaluation.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*,(unpublished),

3

2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  As a result, the cause of Plaintiff's tremor is of far less importance than the functional consequences.  In that regard, the ALJ noted that examinations showed a lack of clinical deficits.  [R. 15].  Indeed, the record discloses that although a tremor was present, Plaintiff had normal strength, normal range of motion, normal sensation, handwriting within the normal range, and no numbness.  [R. 240, 241, 252, 253, 288].

"[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability."  *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)  Plaintiff has not demonstrated that further consultative examination would have been of material assistance in resolving the issue of disability.  The court finds no error in the ALJ's failure to order the requested consultative examination.

Residual Functional Capacity (RFC)

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence in the record because the existence of the tremor was confirmed by medical sources but there were no limitations in the RFC for the impact the tremor would have on his ability to use his right (dominant) hand for work-related activities such as reaching, handling, and fingering.  Plaintiff also asserts that the ALJ's finding that his tremor was a "severe" impairment at step two is inconsistent with the absence of any limitations attributable to the tremor.

This case is not one where the ALJ listed an impairment as a severe one at step two and failed to discuss it or include a limitation in the RFC. In this case, the ALJ acknowledged the existence of the tremor, discussed the medical evidence related to the tremor, and determined that the medical evidence did not support any limitation. [R. 15]. There is a single notation in the record that on October 28, 2009 Plaintiff was found to have only fair coordination with his right hand. [R. 264]. However, there was no lack of coordination mentioned in any of the subsequent examinations. Rather, the tremor was noted along with no weakness, no numbness, and normal handwriting. [R. 240, 252, 253]. Further, Plaintiff was released to return to full duties as of November 24, 2009. The court finds that the ALJ adequately discussed the reasons for finding no limitation due to the tremor and that those reasons have substantial support in the record.

### Application of the Medical-Vocational Guidelines

The Medical-Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2., reflect the existence of jobs in the national economy at various skill, exertional and education levels. When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b). Plaintiff argues that the presence of the tremor in his right arm caused difficulties with manipulation that constitute a non-exertional impairment which precluded the ALJ's use of the Grids to find that there are jobs which he could perform.

The presence of a nonexertional impairment does not preclude the use of the Grids. *Channel v. Heckler*, 747 F.2d 577, 582 n. 6 (10th Cir.1984). Use of the Grids is only precluded to the extent that nonexertional impairments further limit the claimant's ability to perform work at the applicable exertional level. *Teter v. Heckler*, 775 F.2d 1104, 1105

(10th Cir.1985).  As previously discussed, the evidence did not establish that Plaintiff's tremor caused any limitation in his ability to do work-related tasks.  Accordingly, the court finds no error in the ALJ's use of the Grids.

## Conclusion

The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 13th day of August, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE